# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM AHRENS,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:18cv394-WS/CAS**

**LEON COUNTY SHERIFF DEPT.,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 3. At the time of case initiation, Plaintiff was detained in the Leon County Detention Center and he submitted a copy of his Resident Account Summary in support of his in forma pauperis motion. His motion also included a signed Financial Affidavit and Prisoner Consent Form. ECF No. 3. Plaintiff's in forma pauperis motion was granted and he was assessed an initial partial filing fee. ECF No. 5. Plaintiff belatedly paid the assessed initial partial filing fee of $2.40. ECF No. 7.

However, Plaintiff did not file an amended complaint as required by that Order, ECF No. 5. The Order explained to Plaintiff that his initial complaint, ECF No. 1, could not proceed as filed because Plaintiff did not sign or date the complaint. Plaintiff was informed that Rule 11(a) requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Plaintiff was directed to file a signed complaint no later than November 27, 2018. Plaintiff has not complied and, based on the amount of time that has passed, Plaintiff appears to have abandoned this litigation.[1]

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

---

[1] Notably, Plaintiff is no longer detained in the Leon County Jail. ECF No. 4.

556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 5, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv394-WS/CAS